UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              Case No. 21-CR-76 (WED)

EDUARDO LAWLESS, JR.,

        Defendant.

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
## TO CHANGE LOCATION MONITORING TO CURFEW STATUS

        The United States of America, by and through its attorneys, Richard G. Frohling, Acting United States Attorney, and Katherine Halopka-Ivery, Assistant United States Attorney, hereby respectfully submits this response to defendant Eduardo Lawless, Jr.'s motion to modify conditions of release from home detention to curfew. ECF 13. The United States respectfully requests that this Court deny Lawless' motion, specifically outlining below its concerns.

**Procedural History**

        The present charge against Lawless arises from an attempted traffic stop in which Lawless went through a red traffic light. Officers began to pursue Lawless, who eventually lost control of his vehicle and struck a snowbank. Lawless exited the crashed vehicle and fled on foot. Officers continued to follow Lawless in their squad, as Lawless was running. Officers observed a firearm on Lawless during the pursuit. Officers exited their vehicle and began to chase Lawless, announcing "Police!" During this foot chase, Lawless reached towards his waistband/pocket area

1

near the firearm multiple times. Officers made several commands for Lawless to stop running, stop reaching for the gun, and to show his hands. Officers caught Lawless as he attempted to run into an apartment building – an attempt that was ultimately thwarted by a citizen and her child, who closed the door on him.

Once caught, officers observed an extended magazine protruding from Lawless' pants pocket and recovered a loaded Glock, model 26 Gen 5, 9mm pistol, bearing serial number AENL114. This firearm was fitted with a selector switch on the slide back plate, which converts a semi-automatic firearm to a fully automatic firearm. Lawless also had a warrant for his arrest regarding a domestic violence battery and disorderly conduct, use of a dangerous weapon, from July 28, 2020 regarding victim "AH" in Waukesha County Case 2020CM001713.

Lawless waived his *Miranda* rights and provided a statement to law enforcement. Lawless indicated he found the firearm in Milwaukee on N. 23rd Street in the summer of 2020 and carried it for protection. Lawless further admitted that he bought "the switch" from Amazon. Lawless stated "the switch" was "a selector." The detective asked if Lawless meant the gun could be automatic or semi-automatic, to which Lawless nodded yes in affirmation. Lawless said he never fired the firearm, so he did not know if the firearm was automatic or not. Lawless was initially charged in Milwaukee County Case 2021CM419 and released on a signature bond with a condition to not possess firearms on February 20, 2021. On February 26, 2016 Lawless was also released on his Waukesha matter with a signature bond and a condition to not possess firearms or have violent contact with the victim, AH.

On April 13, 2021, a grand jury in the Eastern District of Wisconsin indicted Lawless for possession of a machinegun. ECF 1. Lawless was arraigned on April 23, 2021 and Judge William E. Callahan temporarily detained Lawless. ECF 5. The U.S. Probation Office filed the pretrial

service report on April 26, 2021 and recommended release with several condition. ECF 6. On April 26, 2021, this Court heard arguments as to detention and ordered Lawless be released on home detention at Kimberly Johnson's residence, subject to several conditions of bond, including Lawless to not possess narcotic drugs or other control substances. ECF 8.

Lawless is scheduled for a plea hearing on August 19, 2021 before Judge Lynn Adelman. Lawless has also filed the instant motion to modify his release to a curfew. ECF 13. The United States requests this Court deny Lawless' motion and continue his home detention.

**Argument**

Lawless seeks to amend his conditions of bond from home detention to a curfew. When a court determines that pretrial release is appropriate, it shall order the pretrial release of the person subject to the least restrictive condition, or combination of conditions, that will reasonably assure the appearance of the person and the safety of any other person and the community. 18 U.S.C. § 3142(c). The court may at any time amend the order to impose additional or different conditions of release. 18 U.S.C. § 3142(c)(3).

In the present matter, the least restrictive condition necessary to assure Lawless' future appearance and the safety of the community is home detention.

**A. Lawless has a demonstrated inability to comply with court orders on pretrial supervision.**

Lawless has been unsuccessful in the past while released on court orders. This includes Lawless' State matters and the 78-day period since Lawless' release in this matter. Unfortunately, currently, Lawless historical and current conduct does not support a modification to his release.

**1. Lawless' addiction is currently untreated.**

Recently, while being supervised by U.S. Probation on home detention, Lawless was able to obtain and use controlled substances including marijuana, oxymorphone, and cocaine. ECF 16.

3

Lawless' admissions at the time of his initial appearance indicated he is a long-time addict, going back to age 10. ECF 6. Lawless' addiction was present on July 28, 2002 when he physical abused AH, obtained a firearm and continued to scream and used profanity towards AH. Lawless' addiction was present when he failed to appear for his court date in Waukesha County on November 12, 2020. Lawless' addiction was present on February 18, 2021 when he crashed his vehicle; fled from law enforcement; and frighten a citizen and her child, with a loaded automatic firearm in his pants. While the United States commends Lawless' professed interest in treatment, the Court should not consider modifying his release conditions unless and until such treatment is successfully completed.

### 2. Lawless' failure to comply with State court pretrial released orders demonstrates the need for home detention.

Lawless' conduct during the pendency of his State matters demonstrate that home detention is necessary to protect the community and ensure his appearance. Lawless argues that his possession of the firearm on February 18, 2021 was for self-protection. ECF 13. This justification appears contrary to evidence obtained from Lawless' cellphone prior to and following the incident on February 18, 2021, which has previously been provided to counsel.

Lawless communicated with associates regarding selling firearms or assisting others in obtaining firearms in fall 2020. (Exhibit 1 and 2). In mid-April, after being released on bail for his two State matters, Lawless discussed the purchasing of a firearm with a different associate. (Exhibit 3). With this same associate, Lawless also discussed drugs sales. (Id., page 1, 5). Lawless also possessed and fixed a firearm for this associate just six days prior to Lawless' initial appearance in Federal court. (Exhibit 4). Lawless' phone also contained evidence of various internet searches from April 2021 regarding Glock function errors. (Exhibit 5). Also located on

Lawless' phone extraction was a photo – dated April 16, 2021 – of Lawless holding two firearms. (Exhibit 6).

Contrary to Lawless' proffered excuse, his possession of the automatic firearm was for more than just self-protection. Further, Lawless' phone extraction demonstrates his inability to comply with court orders when supervision is less restrictive. Lawless' continued criminal conduct and association with others involved with firearm and drug sales suggest his home detention should continue.

### 3. Lawless' conduct with AH demonstrates home detention is necessary.

Lawless argues that because AH has not herself articulated safety concerns, his conditions should be stepped down. ECF 13. This argument is belied by the contemporary understanding of the interpersonal dynamics common to domestic violence situations.

By way of context: domestic violence is a pattern of behavior in an abusive relationship that is identified in a cycle of tension building, incident, reconciliation, and calming.[1] The fact that AH did not personally express safety concerns does not mean her safety is not at risk, especially if Lawless is only subjected to a curfew; on the contrary, she and Lawless could merely be at either the "reconciliation" or "calming" portions of this commonly recognized cycle.

After the detention hearing, the United States obtained jail calls placed by Lawless to AH. During a call on February 19, 2021, Lawless and AH discussed Lawless' State charges, including the Waukesha domestic violence charge. Lawless directed AH to call Waukesha and tell "them" to drop the charges. In the same call Lawless again directed AH to call Waukesha

---

1 Bonnie S. Fisher; Steven P. Lab. *Encyclopedia of Victimology and Crime Prevention*., SAGE Publications; 2 February 2010. ISBN 978-1-4129-6047-2. p. 257.

5

and "see if [AH] can get them to drop those charges against me." AH asked if she should call now or in the morning, and Lawless directed her to call now. AH also told Lawless that "Antonio" discussed the Waukesha matter with her. Lawless then directed AH to go to Waukesha and tell people she was lying. The next day, February 20, 2021, Lawless called his mother and indicated that AH needed to call Waukesha and have "them" drop the charges.

Lawless' conduct is very concerning and may rise to additional charges in Waukesha. Lawless' conduct is also consistent with the domestic abuse cycle, which raises concerns for the United States, especially if Lawless is only subjected to a curfew. The United States recognizes Lawless may have authorized contact with AH for the placement of their child and AH's children; however, the contact commemorated on the calls discussed above goes far afield of that limited exception. Given the volatile combination of Lawless' past violent conduct towards AH; his (potentially illegal) intimidation of AH; his substance abuse; and his propensity to traffic firearms and drugs, the United States argues that home detention remains necessary.

**B. Home detention can still provide Lawless opportunities for employment, education, and treatment while ensuring the appearance of Lawless and safety of the community.**

Lawless argues home detention is more restrictive than necessary and has unduly limited his opportunities. ECF 13. This argument is belied by the record, which reflects that over the last 78 days since Lawless' release, Lawless has had the opportunity to participate in employment, treatment, education and many other pro-social activities, but has failed to follow through with U.S. Probation's request or referrals. To wit:

U.S. Probation has attempted to assist Lawless in finding employment opportunities, including working with Kimberly Johnson's husband. Lawless has failed to provide US Probation with verification of this employment. Further, U.S. Probation has indicated concerns with Lawless proffered chances at "cash" only work. The United States agrees with U.S. Probation that "cash

only" employment is not appropriate given Lawless' associates and conduct involving drug and firearm sales, which are also "cash" businesses. Additionally, Lawless obtained and used control substances while residing with the Johnson family. There is a legitimate concern regarding the amount of supervision Mrs. Johnson's husband will be providing at work. Lastly, U.S. Probation has referred Lawless to an employment resource, though it appears Lawless has failed to follow up with that same resource at this point.

U.S. Probation and the United States would support Lawless furthering his education. However, U.S. Probation has indicated to the United States that Lawless has not requested release to enroll in school nor has he provided proof of enrollment. Lawless' lack of educational opportunity has been limited because of his choices—not limitations by the United States or U.S. Probation.

**Conclusion**

The United States respectfully requests that the Court deny Lawless' motion to modify his condition of release.

Dated at Milwaukee, Wisconsin, this 13th day of July, 2021.

Respectfully submitted,

RICHARD G. FROHLING
Acting United States Attorney

By: *s/ Katherine M. Halopka-Ivery*
Katherine M. Halopka-Ivery
Assistant United States Attorney
Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, Wisconsin 53202
Telephone: (414) 297-4106
katherine.halopka-ivery@usdoj.gov